UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. _____

| | |
|---|---|
| MUHAMMAD S. AYYUBI, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| THE BOEING COMPANY, INC., ) | (**JURY TRIAL DEMANDED**) |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is an action bought to remedy discrimination on the basis of race and religion and in retaliation all within the terms, conditions and privileges of employment and all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

This Court has jurisdiction of this matter under 42 U.S.C. § 2000e -5(f), and under 28 U.S.C. §§ 1331 and 1343(4).

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because The Boeing Company operates at its North Charleston facilities in Charleston County, South Carolina and therefore, conducts business within the District of South Carolina, Charleston Division; and, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the District of South Carolina, Charleston Division.

Comes Now Plaintiff, Muhammad S. Ayyubi, a multi racial male of South Asian (Indian) and African American descent, of Muslim faith, makes the following allegations and statements of fact:

1. Plaintiff is an African American male of Muslim faith, a citizen of the United States and a resident of Summerville, South Carolina.

2. Defendant, The Boeing Company, Inc., d/b/a Boeing ("Boeing') is a Delaware corporation, with its principal office in Chicago, Illinois, doing business at its facilities in Charleston County, South Carolina. Collectively over all locations, Boeing employs more than 500 employees. Defendant is an employer as defined by Title VII.

3. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

4. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and are subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

5. On February 9, 2024, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding charge number 415-2024-00103, informing him of his right to sue Defendants in response to his charge of race and religious discrimination and retaliation.

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

7. Plaintiff was hired on August 14, 2023, as a Safety Specialist by Defendant, The Boeing Company, Inc., (hereinafter "Boeing"). Plaintiff worked at Boeing IRC and Propulsion in Ladson, South Carolina, which is a city located in northern Charleston County; and serviced Charleston, South Carolina and the State of Washington.

8. From the time of hire on August 14, 2023, until termination on October 16, 2023, Plaintiff was performing satisfactorily and was not under probation, suspension or immediate threat of termination.

9. Over the course of Plaintiff's employment, Plaintiff was subjected to remarks made by a supervisor that were derogatory in nature with respect to Plaintiff's race and religion.

10. Examples of the discriminatory comments made by Defendant's Safety Manager includes but is not limited to:

   a. Safety Manager voiced her distaste of the high number of Asians at Boeing within the Washington State location and stated a female Asian needed to be hired as the Safety Specialist there to "deal with the Asians". She stated they needed a female because the subordinates were mostly female and if there had been mostly males, they would need a male supervisor.

   b. Safety manager expressed pleasure in working in South Carolina because of the non union environment placing less restrictions on her.

   c. Remarks in disagreement with Plaintiff's religious accommodation that allowed Plaintiff to leave early on Fridays.

   d. Insinuation that the Manager Bianca, another African American employee, is incompetent as a manager because her allowing Plaintiff's religious accommodation was "a choice".

11. Other examples of discriminatory treatment include but are not limited to:

   a. The Safety Manager openly made comments about making changes to her team based on demographics; and then she indicated to Plaintiff that he

        should cover more of a specific area, which was an area more prominent with minorities. Safety manager states that she wanted Plaintiff to cover a specific area solely because it was majority minorities and Plaintiff was black and the white safety specialist should cover the other area that was majority white.

b. Plaintiff objected to the Safety Manager's preferences to racially divide supervision stating he and the other specialists should cover both areas and assist each other as needed.

c. If Plaintiff asked for assistance from minority employees, the Safety Manager never interjected; however, if Plaintiff asked a Caucasian employees for assistance, the Safety Manager would intervene and indicate Plaintiff was bothering the Caucasian employees.

d. The Safety Manager would question what Plaintiff was there for, would give Plaintiff a number of tasks unequal to other employees' tasks; and would expect Plaintiff to handle all tasks while denying or failing to provide adequate training.

e. When Plaintiff tried to include his supervisor, the Safety Manager, on emails to show a lack of response by coworkers, the Safety Manager admonished Plaintiff in a rude and condescending manner.

f. When Plaintiff responded to the Safety Manager in complaint about her conduct toward him, Defendant terminated Plaintiff for being "threatening" and "hostile towards coworkers". No discipline was issued to the Safety Manager for her hostility toward Plaintiff.

g. On the day Plaintiff was terminated, the Safety Manager told others that Plaintiff was difficult to work with and decided to leave work for anger issues, thus reinforcing her stereotype of African American men being "scary" or "aggressive". Specifically, the Safety Manager accused Plaintiff of storming into the office angrily and typed an email and angrily left. Safety Manager requested Plaintiff's badge be deactivated immediately due to threatening email and hostility toward her and coworkers and her feeling "unsafe". Plaintiff was never at the facility on the day of the "angry" email.

12. Over the course of his employment with Defendant, Plaintiff was subjected to unequal treatment and heightened scrutiny within the terms and conditions of employment.

13. Plaintiff is aware, as referenced above, of the difference in treatment toward Caucasian employees and African American employees, most specifically in the circumstances surrounding his termination.

14. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

15. Defendant's facially neutral policies and procedures were applied in a discriminatory manner and in a manner which had a disparate impact on Plaintiff.

16. As a result of the acts of discrimination based on race and religion and as a result of retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities.

## FIRST CAUSE OF ACTION
## (TITLE VII )

17. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

18. Plaintiff is a member of a protected class as a minority male of Muslim faith.

19. Plaintiff was performing satisfactorily and not under the threat of termination, suspension or probation at the time before discharge.

20. Plaintiff was subjected to unequal treatment as described above in the terms, conditions and discipline relating to employment, up to separation without cause.

21. Plaintiff was subjected to discriminatory comments regarding his race and religion and the accommodations needed.

22. When Plaintiff opposed the mistreatment of him by the Safety Manager, Defendant retaliated against Plaintiff for this protected activity and terminated Plaintiff the same day for being hostile.

23. Defendant had no legitimate business reason for its unfavorable treatment toward Plaintiff of denying an equal employment opportunity with respect to application of work rules, discipline and terms and conditions of continued employment.

24. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

25. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his religion in violation of Title VII.

26. Defendant retaliated against Plaintiff in immediate response to his opposition of discriminatory treatment by the Safety Manager in violation of Title VII.

27. As a result of the direct and deliberate actions of representatives of Defendant, Plaintiff has suffered loss of employment, emotional and financial distress, impaired professional reputation, loss of future employment opportunities with Defendant, attorney fees and costs.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits, and liquidated damages pursuant to Title VII;

D. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided under Title VII and state law;

E. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation, and other compensatory and punitive damages allowable under Title VII and state law, in the amount to be determined by a jury; and,

F. Awarding Plaintiff such other and further relief as this Court deems just and proper.

                          WUKELA LAW FIRM

                          By: s/ Pheobe A. Clark
                              **Pheobe A. Clark**
                              Federal ID No. 9888
                              Post Office Box 13057
                              Florence, SC  29504-3057
                              Phone: (843) 669-5634

May 2, 2023                   Fax:   (843) 669-5150